**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 27, 2026

Utku Galip Akcok
Akcok Law Office
30 Primrose Rd. Ste 510
Burlingame, CA 94010
*Counsel for Plaintiff*

Arif Gozel
Gozel Law Firm PC
1066 Clifton Ave. Ste 201
Clifton, NJ 07013
*Counsel for Plaintiff*

John Crosby
United States Attorney's Office, District of New Jersey
970 Broad St.
Room 700
Newark, NJ 07102
*Counsel for Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re: *Arican v. Noem, et al.*, Civ. No. 26-354 (SDW)**

Counsel:

Before this Court is Defendants Kristi Noem (in her official capacity as Secretary of the U.S. Department of Homeland Security), Joseph Edlow (in his official capacity as Director of United States Citizenship and Immigration Services ("USCIS")), and Connie Nolan's (in her official capacity as Associate Director of USCIS, Service Center Operations Directorate) (collectively, "Defendants") Motion to Dismiss (D.E. 8 ("Motion")) Plaintiff Ismail Arican's ("Plaintiff") Complaint (D.E. 1), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).[1]

[1] Defendants' Motion requests dismissal under Rule 12(b)(6), but Defendants' brief (D.E. 8-1) addresses only Rule 12(b)(1). Accordingly, this Court will treat the Motion as filed pursuant to Rule 12(b)(1).

This Opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Defendants' Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

### A. Factual Background

Plaintiff Ismael Arican, a Turkish national, lawfully entered the United States on December 7, 2023. (D.E. 1 ("Compl.") ¶ 14.) Plaintiff entered the country pursuant to a nonimmigrant B-2 visa with an expiration date of June 6, 2024. (D.E. 1-1, Pl.'s Ex. A at 3, 5–6; D.E. 1-1, Pl.'s Ex. F at 20.) On April 22, 2024, Plaintiff filed a Form I-589 Application for Asylum and for Withholding of Removal with USCIS. (Compl. ¶ 15.) On July 2, 2024, Plaintiff married a lawful permanent resident of the United States, and Plaintiff's spouse subsequently filed a Form I-130 Petition for Alien Relative with USCIS on July 23, 2024. (*Id.* ¶¶ 16–17.) There is no evidence that USCIS ever adjudicated either of those applications.

On July 2, 2025, one year after his marriage, Plaintiff filed a Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485"). (*Id.* ¶ 18.) On August 21, 2025, USCIS denied Plaintiff's Form I-485 by written decision, reasoning that Plaintiff was statutorily ineligible for an adjustment of status. (*Id.* ¶¶ 19, 24–25.) Plaintiff subsequently filed a Form I-290B Motion to Reopen and Reconsider his case ("Form I-290B"), which USCIS dismissed on October 22, 2025. (*Id.* ¶¶ 20–21)

### B. Procedural History

On January 12, 2026, Plaintiff commenced the present action, seeking judicial review of the August 21, 2025 and October 22, 2025 USCIS judgments denying Plaintiff's Forms I-485 and I-290B. The Complaint raises several claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, challenging various aspects of the USCIS decisions as arbitrary, capricious, or not otherwise in accordance with applicable law. (Compl. ¶¶ 24–87.)

On April 20, 2026, Defendants filed this Motion. (D.E. 8.) The parties timely completed briefing. (D.E. 10, 12.)

## II. LEGAL STANDARD

This Court can adjudicate a dispute only if it has subject matter jurisdiction over the asserted claims. *See Brown v. Francis*, 75 F.3d 860, 866 (3d Cir. 1996). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction either facially or factually. *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014).

Defendants facially challenge this Court's subject matter jurisdiction over Plaintiff's claims. (D.E. 8-1 at 9.) "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law . . . or because some other jurisdictional

defect is present." *Const. Party of Pa.*, 757 F.3d at 358. In considering a facial attack, a district court applies the same standard of review it would apply to evaluate a Rule 12(b)(6) motion to dismiss, construing the allegations in the complaint in the light most favorable to the nonmoving party. *Id.*

## III. DISCUSSION

District courts have federal question jurisdiction over final agency actions, "subject only to preclusion-of-review statutes created or retained by Congress." *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 562 (3d Cir. 2018) (quoting *Chehazeh v. Att'y Gen. of U.S.*, 666 F.3d 118, 126 (3d Cir. 2012)). "The APA bars judicial review where 'statutes preclude judicial review' or 'agency action is committed to agency discretion by law.'" *Id.* (quoting 5 U.S.C. § 701(a)).

When a person files a Form I-485 application to adjust their nonimmigrant status to that of a person admitted for permanent residence, the application is governed by § 1255 of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.* ("INA"). Pursuant to § 1255, authority over status adjustment decisions is vested in "the Attorney General, in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). Because such decisions are committed to executive discretion, § 1252 of the INA provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i).

The express language of § 1252(a)(2)(B)(i) bars federal courts from exercising jurisdiction over "judgment[s] regarding the granting of relief" under § 1255, and the United States Supreme Court has interpreted that language broadly. In *Patel v. Garland*, USCIS deemed the plaintiff ("Patel") statutorily ineligible for an adjustment of status under § 1255. 596 U.S. 328, 333–34 (2022). Patel later requested the same relief in removal proceedings before an immigration judge, but the judge also deemed Patel statutorily ineligible for the adjustment and ordered Patel's removal from the country. *Id.* at 334–35. The Supreme Court held that the Eleventh Circuit lacked subject matter jurisdiction over the immigration judge's statutory eligibility determination. *Id.* at 347. That is because § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions." *Id.* at 338. In other words, "§ 1252(a)(2)(B)(i) does not stop at just the grant or denial of relief; it extends to any judgment 'regarding' that ultimate decision." *Id.* at 344.

While Patel challenged a final order of removal rather than a USCIS decision, the Supreme Court's reading of § 1252(a)(2)(B)(i) naturally extends to USCIS decisions as well.[2] The plain text of § 1252(a)(2)(B) confirms that Congress intended to preclude judicial review "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B); *see Geda v. Dir. U.S. Citizenship & Immigr. Servs.*, 126 F.4th 835, 845–46 (3d Cir. 2025) (explaining that Congress clearly added this language to extend § 1252(a)(2)(B)'s jurisdictional bar "to challenges arising outside the context of removal proceedings"). And since *Patel*, federal courts inside and outside of this District have routinely held that § 1252(a)(2)(B)(i)

[2] The Supreme Court declined to rule on this question, but acknowledged that "it is possible that Congress did, in fact, intend to close th[e] door" on judicial review of all USCIS denials of discretionary relief. *Patel*, 596 U.S. at 345.

precludes judicial review of USCIS decisions denying relief under § 1255. *See Melkumov v. Chen*, No. 25-01, 2026 WL 1097255, at *5 (D.N.J. Apr. 22, 2026) (explaining that a "chorus of cases after *Patel* have held that, regardless of the type of challenge, federal district courts may not review USCIS adjustment of status decisions"); *Shukla v. U.S. Citizenship & Immigr. Servs.*, No. 25-18536, 2026 WL 2859323, at *3 (D.N.J. Sept. 23, 2026) (same); *Fallas v. Jadou*, No. 22-304, 2023 WL 3736326, at *4–*5 (D.N.J. May 31, 2023); *see also Abuzeid v. Mayorkas*, 62 F.4th 578, 585 (D.C. Cir. 2023) ("We recognize that our interpretation of § 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment of status by USCIS. That result is dictated by the plain meaning of the statute and by the reasoning of *Patel*.").

Thus, this Court lacks subject matter jurisdiction over the August 21, 2025 USCIS judgment denying Plaintiff's Form I-485. Plaintiff applied for relief under § 1255, and USCIS denied Plaintiff's application; § 1252(a)(2)(B)(i) clearly precludes judicial review of that judgment. When § 1252 precludes judicial review of a USCIS judgment, it also bars judicial review of any subsequent motion to reopen or reconsider that judgment. *See Elfeky v. Johnson*, 232 F. Supp. 3d 695, 704 (E.D. Pa. 2017) (dismissing a challenge to a Form I-290B decision when the court lacked jurisdiction over the underlying judgment (citing *Napoleon v. Att'y Gen.*, 231 F. App'x. 106, 109 (3d Cir. 2007))). Accordingly, this Court also lacks subject matter jurisdiction over the October 22, 2025 USCIS judgment denying Plaintiff's Form I-290B.

Plaintiff, relying heavily on *Pinho v. Gonzalez*, 432 F.3d 193 (3d Cir. 2005), argues that § 1252(a)(2)(B)(i) is inapplicable here because the USCIS decision was a non-discretionary determination of statutory eligibility. (D.E. 10 ¶¶ 14–28.) But *Patel* explicitly rejected that line of reasoning.[3] "Had Congress intended instead to limit the jurisdictional bar to 'discretionary judgments,' it could easily have used that language—as it did elsewhere in the immigration code. . . . A 'judgment' does not necessarily involve discretion, nor does context indicate that only discretionary judgments are covered by § 1252(a)(2)(B)(i)." *Patel*, 596 U.S. at 341, 343. Under *Patel*, § 1252(a)(2)(B)(i) precludes judicial review of *any* decision relating to the granting of relief under §1255, regardless of whether that specific decision requires an exercise of discretion. *See id.* at 338; *Jackson v. Dir. U.S. Citizenship & Immigr. Servs.*, No. 26-1397, 2026 WL 1961127, at *1 (3d Cir. July 7, 2026) ("[F]ederal courts lack jurisdiction to review factual findings and eligibility determinations that are part of discretionary-relief proceedings." (citing *Patel*, 596 U.S. at 347)).

Plaintiff also argues that his claims are reviewable under § 1252(a)(2)(D). (D.E. 10 ¶¶ 29–41.) To be sure, § 1252(a)(2)(D) permits judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). But that exception is plainly inapplicable here; it applies only to petitions for review of *orders of removal* filed in the federal *courts of appeals*. *See* 8 U.S.C. § 1252(b) (providing the requirements for filing a petition for review under § 1252).

---

[3] This Court may set aside Third Circuit precedent in light of a subsequent Supreme Court decision when the Supreme Court "has effectively overruled" or "rendered a decision that is necessarily inconsistent with" that precedent. *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, No. 10-3336, 2011 WL 1098993, at *7 (D.N.J. Mar. 21, 2011). Several courts in this District have already interpreted *Patel* to be plainly inconsistent with *Pinho*. *See Fallas*, 2023 WL 3736326, at *4 (D.N.J. May 31, 2023); *Melkumov*, 2026 WL 1097255, at *5 n.5.

Lacking subject matter jurisdiction, this Court must dismiss the case. *See Geda*, 126 F.4th at 847. Accordingly, this Court will grant Defendants' Motion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties